IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEN E. CAMPBELL, an individual,       )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )        Case No.: 12-2476-EFM
                                      )
THE BOARD OF COUNTY COMMISSIONERS     )
OF SHERMAN COUNTY, KANSAS,            )
CYNTHIA STRNAD, in her individual     )
capacity, LARRY ENFIELD, in his individual  )
capacity, and MAX LINN, in his individual   )
capacity,                             )
                                      )
                Defendants.           )
_____)

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

NOW BEFORE the Court is the Stipulated Protective Order of Plaintiff and Defendants.

Discovery in this case is likely to result in the disclosure of information from employment files and

similar information concerning the plaintiff and non-party employees or officials of the defendants

containing personal confidential information, the dissemination of which could expose them to

identity theft. Pursuant to Federal Rule of Civil Procedure 26(c) and upon a showing of good cause,

the court enters a protective order to protect the discovery and dissemination of confidential

information or information which will improperly annoy, embarrass, subject to identity theft or

oppress any party, witness, or person providing discovery in this case, such as the employment

records of plaintiff and defendants and their past or present employees.

IT IS ORDERED that the confidential contents of all documents, materials, and information,

including without limitation, documents produced or obtained, answers to interrogatories, responses

O:\ORDERS\12-2476-EFM-PO.wpd

to requests for admission, deposition testimony, audio and videotapes made as part of any investigation and/or discovery, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, (hereinafter "Discovery Materials") shall be protected and governed as follows:

### 1. DESIGNATION AS CONFIDENTIAL.

Any party may designate as "Confidential" any Discovery Materials that are deemed in good faith by that party to contain, embody, reflect or otherwise disclose information that fits within the definition of CONFIDENTIAL below and is (a) information of a confidential, personal or proprietary nature, or (b) information that would cause unreasonable annoyance, embarrassment, or oppression and disclosure of which would cause significant public and/or private harm. Any party producing documents that such party designates as confidential shall either mark those documents 'CONFIDENTIAL' or designate them as confidential in the discovery response, disclosure or by letter or e-mail  to counsel for the opposing party. For purposes of this litigation, such confidential documents, materials, and/or information (collectively "Confidential Information") that a party in good faith believes concerns the above materials may be designated by that party as "CONFIDENTIAL," and any copies of such "Confidential Information" in the possession of any other party shall be treated as confidential whether designated by the other party or not. Information in the public domain is specifically excluded from this Protective Order except as is necessary to protect the identities of the parties or as Plaintiffs may require to protect the safety of the plaintiffs and their families.

### 2. DEFINITION OF CONFIDENTIAL

For purposes of this Order, Confidential Information may include information contained in

any document, writing, paper, audio or videotape, deposition, tangible thing, interrogatory answer, digital media or email, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand, and the content therein that any party in good faith believes involves the following: (1) medical psychological and/or psychiatric records of any party or non-party witness or official or employee of defendants; (2) personnel files of any party or non-party witness, employee or official of the parties; (3) disciplinary files or records of any party or non-party; (4) tax returns of a party; (5) or, financial records of a party.

### 3. PERMITTED USES OF CONFIDENTIAL INFORMATION.

Any "Confidential Information" shall be used solely for this lawsuit. The information marked "confidential" shall not be made public or otherwise disseminated except as set forth in this Protective Order.

### 4. AGREEMENTS TO RELEASE DOCUMENTS FROM ORDER.

In designating information as CONFIDENTIAL, a party shall make such designation only as to materials which that party in good faith believes comprise or reflect currently sensitive or proprietary information of the nature above-described which is not generally known. Counsel for the party designating any information as CONFIDENTIAL may, in writing, agree to release any of the CONFIDENTIAL INFORMATION from the requirements of this order.

### 5. TO WHOM DISCLOSED.

Information designated as CONFIDENTIAL may be disclosed only to the following persons and/or in the following manner:

> (a) Any counsel of record working on this action on behalf of any party, including in-house counsel, all lawyers, paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

(b) Any individual who is a party, with disclosure only to the extent necessary to assist that party in this case except that no party may have possession of any other party's tax returns, medical records, psychological or psychiatric records, financial records, or employment, personnel or disciplinary files of any party. Those materials must be kept by counsel of record, shown to the party as necessary and returned to counsel.

(c)  Any person from whom testimony is taken to the extent it is necessary for such person to review their own deposition testimony.

(d)  Any witness or potential witness in the case whose review of the documents is in the good faith judgment of the disclosing party's attorney reasonably necessary to assist the attorney or the attorney's staff in the investigation or preparation of the party's case, except that such person may only be shown copies of the CONFIDENTIAL material and may not retain CONFIDENTIAL material.

(e) Any individual who is retained as a consultant or expert by the parties in this action.

(f)  Any court reporter present in his/her official capacity at any hearing, deposition or other  proceeding in this action;

(g) The Court; and

(h) Other persons by written agreement of the parties.

## 6. CONFIDENTIALITY OF DEPOSITIONS.

In the event a party seeks to maintain as confidential all or a portion of a deposition that qualifies for designation as CONFIDENTIAL, including any deposition exhibit, pursuant to Paragraph 1 of this Order, such party shall notify all of the parties before the conclusion of deposition.

## 7. REMOVAL OF CONFIDENTIAL DESIGNATION.

Notwithstanding the fact that a party has designated materials as confidential, such designation may be removed by the following procedure: A party may at any time request that the

materials designated as confidential be re-designated as non-confidential. Such an objection or request must be given to the other party in writing. Within thirty (30) days of receiving written notice, the parties must attempt to work out an agreement regarding the confidentiality of the materials; if such an agreement cannot be reached, either party may file a motion to determine whether the material should be treated as confidential. The material in question shall be kept confidential pending a final ruling by the court on the motion for protective order. The fact that the material is designated as CONFIDENTIAL however, shall not delay or otherwise interfere with its discovery.

**8. RECORDS OBTAINED PRIOR TO ORDER.**

The parties to this Stipulation and counsel for each agree to abide by and be bound by the provisions of this Order and to use due care to see that its provisions are known and adhered to by those under their supervision or control and will abide by and be bound by this Order even prior to Court approval. To the extent any CONFIDENTIAL INFORMATION has been produced by the attorneys in the matter or otherwise obtained by counsel prior to the execution of this Order, the parties understand and acknowledge that this information is subject to the terms of this order.

**9. RETURN OF DOCUMENTS.**

At the conclusion of this litigation, unless other arrangements are agreed upon, each party who wishes confidential material it produced to be returned, shall serve a written request upon other parties specifying the material to be returned. Upon receipt of such a request, all parties shall promptly return the materials specified in the request , together with all copies thereof, to the requesting party. Alternatively, all such documents not returned shall be destroyed. Where the parties agree to destroy confidential documents, the destroying party shall provide requesting

parties with appropriate attestation confirming the destruction. An exception to this Paragraph is expressly permitted by the parties in order for counsel to retain any documents necessary to comply with any applicable legal and ethical rules.

### 10. NO LIMITS ON DISCOVERY.

Nothing in this Order shall be construed to entitle any party to obtain any documents, thing or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party. This Order shall in no way limit the scope of discovery available to any party, merely the method for viewing, possessing and disseminating such discovery. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

### 11. NO WAIVER OF PRIVILEGE.

Nothing in this Order constitutes a waiver of any claim of attorney–client privilege, work product protection or any other privilege that might exist with respect to those documents produced or any other document or communication, written or oral, including without limitation, other communications referred to in any documents that may be produced. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

### 12. BINDING AGREEMENT.

The terms of this Order are binding upon the parties represented by counsel to the same extent as if approved by the Court until approved by the Court or the Court orders otherwise.

### 13. RIGHT TO SEEK RELIEF OR MODIFICATION.

This Order is without prejudice to the rights of any party to seek its modification or

O:\ORDERS\12-2476-EFM-PO.wpd

amendment by further order of this Court. The parties represented by counsel have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provision of this Protective Order would later result in undue burden or expense or would undermine counsel's ability to represent their clients in this case.

IT IS SO ORDERED.

Dated November 13, 2012, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\12-2476-EFM-PO.wpd